OPINION JUDGMENT ENTRY
{¶ 1} Appellant William Remy appeals the decision of the Richland County Court of Common Pleas that granted summary judgment on behalf of Appellee Pacific Employers Insurance Company ("Pacific"). The following facts are pertinent to this appeal.
 {¶ 2} The accident giving rise to this case occurred on June 8, 1999, when a tractor, operated by Raymond Lehman, turned into appellant's motorcycle as appellant was attempting to pass the tractor. Appellant received serious injuries as a result of the accident. At the time of the accident, appellant was an employee of the Thompson Corporation, which owned and operated the Mansfield News Journal. Pacific was the insurance provider for the Thompson Corporation.
 {¶ 3} Subsequently, on October 5, 2001, appellant filed suit against Pacific pursuant to the Ohio Supreme Court's decision inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 1999-Ohio-292. On September 12, 2002, Pacific filed a motion for summary judgment. Appellant filed a brief in opposition on October 15, 2002. The trial court, in an amended final judgment entry filed on May 28, 2003, granted Pacific's motion for summary judgment.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. The trial court erred in granting defendant-appellee's motion for summary judgment when evidence established a genuine issue of material fact regarding whether appellee was entitled to uninsured/underinsured motorist coverage pursuant to the terms of the business auto policy of defendant-appellee.
 {¶ 6} "A. The evidence presented to the trial court below demonstrates that a farm tractor operated on the roadway falls within the definition of motor vehicle and as such Revised Code3937.18 is applicable.
 {¶ 7} "B. Defendant-appellee's business auto policy provided UM/UIM coverage to plaintiff/appellant."
 "Summary Judgment Standard" {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 9} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 10} A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 12} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 13} Appellant contends, in his First Assignment of Error, the trial court erred when it granted Pacific's motion for summary judgment because a genuine issue of material fact remains as to whether he is entitled to UM/UIM coverage under Pacific's business auto policy. We disagree.
 {¶ 14} In support of this assignment of error, appellant sets forth two arguments. First, appellant maintains the farm tractor operated by Mr. Lehman and involved in the accident was a motor vehicle and therefore, R.C. 3937.18 applies. Second, appellant argues Pacific's business auto policy provides UM/UIM coverage.
 {¶ 15} Prior to addressing the merits of appellant's appeal, we must determine whether appellant, at the time of the accident, was an insured under Pacific's business auto policy issued to the Thompson Corporation. In Blankenship v. Travelers Ins. Co.,
Pike App. No. 02CA693, 2003-Ohio-2592, the Fourth District Court of Appeals explained:
 {¶ 16} "It is axiomatic in insurance law that coverage under an insurance contract extends only to `insureds' under the policy. In any dispute concerning coverage under an insurance contract, whether the party claiming coverage under the policy is an `insured' is of primary import. If the party is found not to be an `insured' under the policy, that party cannot claim coverage extends to them. However, where the party is found to be an `insured' under the policy, coverage will extend to them barring any other applicable condition or exclusion. * * * A fortiori, qualifying as an insured is a precondition to coverage under a policy of insurance." Id. at ¶ 13.
 {¶ 17} The Ohio Supreme Court recently addressed theScott-Pontzer decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, the Court stated:
 {¶ 18} "Providing uninsured motorist coverage to employees who are not at work or, for that matter, to every employee's family members is detrimental to the policyholder's interests. * * * King held that the use of a vehicle `by and for' the corporate policyholder precipitated coverage. This holding is reasonable because it arguably benefits the policyholder to insure against losses sustained by those operating vehicles on its behalf." Id. at ¶ 37-38.
 {¶ 19} Accordingly, the Galatis Court held, in part:
 {¶ 20} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." [Citations omitted.] Id. at paragraph two of the syllabus.
 {¶ 21} In the case sub judice, appellant was not in the course and scope of his employment when the accident occurred. Further, appellant was driving his own personal vehicle, not a company vehicle. Thus, pursuant to Galatis, appellant cannot assert that he is an insured under the business auto policy Pacific issued to the Thompson Corporation.
 {¶ 22} Appellant's First Assignment of Error is overruled.
 {¶ 23} Accordingly, for the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed
Wise, J., Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellant.